MATTLAGE v. UNITED STATES.

(Circuit Court, S. D. New York. December 21, 1904.)

No. 3,624.

CUSTOMS DUTIES—CLASSIFICATION—FISH—SMOKED HERRING.

Smoked herring, though salted before being smoked, are not dutiable as "herrings, pickled or salted," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 260, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], being a commodity distinct therefrom both commercially and in common speech.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 74.]

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review is G. A. 5,726, T. D. 25,429, which affirmed the assessment of duty by the collector of customs at the port of New York on importations by Charles F. Mattlage & Co. The board's opinion reads as follows:

Fischer, General Appraiser. In these cases the merchandise consists of smoked herring imported in wooden packages, each containing less than a half barrel of fish. Duty was assessed thereon at the rate of 30 per cent., under the appropriate provision of paragraph 258, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650]. The importers claim them to be dutiable properly under paragraph 260, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], as "herrings, pickled or salted," at one-half cent per pound, or under paragraph 261, at three-fourths cent per pound, or 1¼ cents per pound. In G. A. 4908, T. D. 22,969, the board held, following the court ruling in the cases of Meyer & Lange v. United States and Reiss & Brady v. United States (since reported in 124 Fed. 293), that smoked herrings, packed the same as those now in question, were dutiable at 30 per cent., under paragraph 258, or at three-fourths of one cent per pound under paragraph 261, according to which was the higher rate. This ruling would be conclusive against the protests but for the fact that in this instance counsel for the importers has urged a contention which was not made in the protest subject of G. A. 4,908, namely, that the provision for salted or pickled herrings in paragraph 260 covers smoked herrings, the latter not being provided for eo nomine in the tariff. The ground for this claim is that herrings are first salted before being smoked. It is noted that he does not set up any claim under paragraph 260 at one-fourth of a cent per pound, as fresh herrings, on the ground that they were fresh before they were either salted or smoked.

We are of opinion that the contention noted is untenable. Conceding that the herrings must be salted before they are smoked, salted herrings and smoked herrings are two distinct commodities in ordinary speech, and that they are so commercially is shown by the testimony of one of the importing firm and another witness. The former testified in part as follows: "Q. On an order to your house for pickled herrings, would you deliver smoked herring? A. No, sir. Q. On an order for salted or fresh, would you deliver smoked herring for either of those? A. No, sir. Q. An order for smoked herring would have to be in what language? A. Plain words—just simply 'smoked herring.' * * * Q. What would you do upon an order for salted herring? A. Give them pickled herring." The importers' witness testified in part as follows: "Q. In your understanding as a merchant, are smoked herrings included or excluded from the group—from the class of salt fish? A. They are included in the class; but if a person sent me an order for salt herring I should want to know whether he meant pickled or smoked." The tariff acts of 1883, 1890, 1894, and 1897 all contain separate provisions for salted and pickled herring and for smoked fish, and the practice of customs officers in assessing such merchandise for duty has been in harmony with the common and commercial understanding; that is to say, smoked herring has been as-

sessed as smoked fish, or as fish in half barrels, according to the manner of packing. It may be added that in the course of the numerous protests as to the rate of duty on fish which have been passed on by the courts and by the board it has not been before suggested that the provision for salted or pickled herring would cover smoked herring.

The protests are overruled on all grounds, and the decision of the collector affirmed in each case.

Comstock & Washburn (Albert Comstock, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. Decision of the Board of General Appraisers affirmed.